Matter of Eddy v Eddy (2019 NY Slip Op 06825)





Matter of Eddy v Eddy


2019 NY Slip Op 06825


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

526339

[*1]In the Matter of Claire B. Eddy, Respondent,
v
Steven H. Eddy, Appellant.

Calendar Date: September 9, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Warren County Department of Social Services, Lake George (James B. Lesperance Jr. of counsel), for respondent.



Clark, J.
Appeal from an order of the Family Court of Warren County (Kershko, J.), entered December 4, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior support order.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 1996). In 2016, the mother filed a petition in Family Court alleging that the father was in willful violation of a prior order of support. At a subsequent hearing, the father admitted to the allegations, and an order on consent was placed on the record that was later reduced to writing. Pursuant to said order, the father was adjudged to be in willful violation of a prior order of support, ordered to pay child support arrears and sentenced to 60 days in jail, with the sentence suspended upon the condition that the father comply with the support order.
In 2017, the Warren County Department of Social Services, acting on behalf of the mother, submitted a request for an order of commitment based upon the father's failure to comply with the support order or pay the arrears. The father, in turn, filed a petition seeking modification of the support order based upon his ongoing medical issues. During a hearing on the modification petition, it was revealed that the father's child support obligation had ended and that he was seeking an adjustment to pay the arrears until he could return to work. It was also disclosed that the proceedings on the order of commitment had been adjourned pending the father's sale of certain real property.[FN1] When these proceedings resumed, the father indicated that he did not have a contract to sell the real property or any means to pay the child support arrears. Family Court adjourned the proceedings to enable the father to undergo surgery, but directed him to return to court with a certified check for the child support arrears in the amount of $12,467.57. When the father did not appear in court on the adjourned date, Family Court issued a warrant and an order of commitment directing respondent's confinement in jail for 60 days. Respondent appeals.
We agree with the father that Family Court erred in revoking the suspension of his jail sentence without first affording him the opportunity to present evidence on his inability to pay the arrears (see Family Ct Act § 433 [a]; Matter of Madison County Support Collection Unit v Campbell, 162 AD3d 1146, 1147-1148 [2018]; Matter of Mosher v Woodcock, 160 AD3d 1085, 1086-1087 [2018]). As the mother concedes, the record does not reflect that Family Court conducted the necessary evidentiary hearing or undertook a sufficient inquiry as to the father's inability to pay the child support arrears. Consequently, the order must be reversed and the matter remitted to Family Court for a hearing on this issue.
Lynch, J.P., Devine and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Warren County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The transcript of the hearing — at which the sale of the real property and possibly other matters pertaining to the father's ability to pay were discussed — is not included in the record and is unavailable.